UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHARON GAUSE (WILMER-YOUNG),

                              Plaintiff,

        v.                                              10-CV-0482

RENSSELAER CHILDREN AND FAMILY SERVICES,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

This action rises from events involving Plaintiff Sharon Gause's unsuccessful attempt to obtain custody of her infant grandchild following the temporary termination of her daughter's parental rights by Defendant Rensselaer Children and Family Services. Plaintiff asserts claims under 42 U.S.C. § 1983, 18 U.S.C. §241, 18 U.S.C. §1001, and under the New York State common law. Presently before the Court is Defendant Rensselaer Children and Family Services's motion pursuant to Fed. R. Civ. P. 12 seeking to dismiss the Complaint in its entirety.

I.      **FACTS**

In March 2010, Rensselaer Children and Family Services commenced a neglect investigation concerning Plaintiff's granddaughter, 7-month old "S.S." As a result of the

investigation, Audrea Gause, Plaintiff's daughter, temporarily lost parental rights over S.S. S.S. was placed into foster care with her paternal grandmother.[1]

Plaintiff now challenges Defendant's determination to place S.S. in the temporary custody of her paternal grandmother.  Plaintiff contends that Defendant's actions violated 18 U.S.C. §241, 18 U.S.C. §1001, the Child Welfare Act, and the 4th and 14th Amendments of the United States Constitution.  Presently before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.     STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .  a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "To survive a

---

[1] The investigation was a result of pending criminal charges against Audrea Gause.

- 2 -

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations. Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

Deference is afforded to *pro se* litigants.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (" '[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' ") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted)); Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

With these standards in mind, the Court will address the pending motions to dismiss.

**III.     DISCUSSION**[2,3]

   **a.     Plaintiff's First and Second Causes of Action**

Plaintiff's First and Second Causes of Action allege that the Defendant violated 18 U.S.C. § 1001 by making false or fraudulent statements because "Defendant, Rensselaer Children and Families Services accused Audrea Gause [Plaintiff's daughter] of having a Drug Addiction and I am further in the lawsuit alleged the caseworkers intentionally misled the court, fabricated evidence against her, and hid exculpatory evidence." Compl. at ¶ 6 (sic). She further claims that Defendant's violation of § 1001 caused to her to lose various educational benefits.[4]

To seek redress under § 1983, "a plaintiff must assert the violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340 (1997). "[T]he fact that a federal statute has been violated and some person harmed does not

---

[2] By letter dated September 21, 2010, Plaintiff requested an extension of time to file papers in opposition to the pending motion. The Court granted the request for an extension. On October 12, 2010, the Court again adjourned the motion, thereby allowing Plaintiff additional time to oppose the motion. To date, Plaintiff has failed to file papers in opposition to the motion to dismiss.

[3] The Court notes, *sua sponte*, that there is an issue concerning subject matter jurisdiction. It appears based on the record that the issues concerning the placement of the child were determined by the New York Family Court and that Plaintiff's complaints arise out of the determination by that court. If so, this Court may lack jurisdiction under the Rooker-Feldman doctrine. See V.S. v. Muhammad, 595 F.3d 426, 430 (2d Cir. 2010). That being said, the extent of any state court proceedings and Plaintiff's involvement in them are unknown at this time. Citing to the confidentiality of such matters, Defendant did not submit materials concerning the Family Court proceedings.

[4] Plaintiff contends that:

As a proximate result. . . Plaintiff. . . has suffered and continues to suffer substantial losses in education benefits, and other benefits shat [sic] she would have received as the honor student at Sage Colleges and grandmother rights by Defendant's Fraudulent intension to slander her name and fabricate her ability to care for grandchild which disabled her from applying temporary supervision of her grand-child. Furthermore, Plaintiff Sharon Gause t [sic] has incurred emotional distress due to Defendant's failure and fraudulent acts.

Compl. at ¶ 13.

automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979).  To determine whether a private right of action exist, the Court must determine whether Congress intended to create a private right of action. Touche Ross, 442 U.S. at 568.  The claims under 18 U.S.C. §§ 241 and 1001 do not provide a private right of action.  Bender v. General Services Admin., 539 F. Supp.2d 702, 715 (S.D.N.Y. 2008); John Street Leasehold, LLC v. Capital Management Resources, L.P., 154 F. Supp.2d 527, 547 (S.D.N.Y. 2001); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); see also Suter v. Artist M., 503 U.S. 347 (1992); Alger v. County of Albany, New York, 489 F. Supp. 2d 155, 158 (N.D.N.Y. 2006); see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone. . . [W]e refused to infer a private right of action from a 'bare criminal statute.'  And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions.").  Accordingly, these causes of action are dismissed.

### b.   Constitutional Violations

Plaintiff also asserts various constitutional violations.  To state a claim under 42 U.S.C. § 1983, Plaintiff must identify a constitutional right she claims was violated.  Here, Plaintiff's claims arise out of Defendant's decision to place S.S. with the paternal grandmother. It is questionable whether Plaintiff has any protected liberty or property interest here.  "The federal court of appeals that have considered the contours of the liberty interest recognized in [Moore v. City of East Cleveland, 431 U.S. 494 (1977)], have expressed a reluctance to extend it beyond grandparents living with their grandchildren." Johnson v. City of Cincinnati, 310 F.3d 484, 513 (6th Cir. 2002) (and cases cited therein); see also Troxel v.

Granville, 530 U.S. 57 (2000) (raising doubt whether grandparents have a fundamental liberty interest in being able to visit their grandchildren). Here, in light of the fact that Audrea Gause had custody of the child up until the subject termination proceedings, there are insufficient plausible allegations that Plaintiff had a sufficient relationship with S.S. to give rise to a protected liberty or property interest.[5] See Mullins v. State of Or., 57 F.3d 789, 794 (9th Cir. 1995) ("We have found no other authority supporting the proposition that a grandparent, by virtue of genetic link alone, enjoys a fundamental liberty interest in the adoption of her grandchildren."); Ellis v. Hamilton, 669 F.2d 510, 513 (7th Cir. 1982) ("[W]e reach the more fundamental question whether . . . a natural grandparent's interest in the society of her grandchildren . . . is a liberty interest under the due process clause. If the grandchildren are in their parents' custody, the answer probably is no."); Clayton v. Children's Choice, 2010 WL 3282979, at 5 (E.D. Pa. 2010).

Even assuming Plaintiff does have such a protected liberty interest, she fails to demonstrate how her rights were violated or that she was otherwise not afforded due process of law. Defendant's actions did not alter or affect Plaintiff's rights. Before Defendant's actions, Plaintiff did not have custody of S.S. and Plaintiff had whatever rights a grandparent may have under New York law. After Defendant's actions, Plaintiff still does not have custody of S.S. and Plaintiff continues to have whatever rights grandparents are afforded by state law. See Brown v. Ives, 129 F.3d 209, 211-12 (1st Cir. 1997). Further, there were family court proceedings that gave the paternal grandmother temporary custody of S.S. It

---

[5] For example, it does not appear that S.S. lived with Plaintiff. See Compl. at ¶ 33 ("Sharon Gause would be given an [sic] supervised visits of her grand child when in fact she had unsupervised visits with her grandchild since the child was born.").

appears that Plaintiff had the opportunity to participate in the family court proceedings concerning the placement of S.S.

Moreover, because the only Defendant is a municipality, Plaintiff must demonstrate a basis for imposing municipal liability under § 1983.

> There is no *respondeat superior* liability in a suit, such as this one, brought pursuant to 42 U.S.C. § 1983.  Ciraolo v. City of New York, 216 F.3d 236, 242 (2d Cir. 2000).  Before a municipal entity may be found liable, the plaintiffs must show that the municipality is "actually responsible" for their injuries, as through a "policy or custom" of the city.  Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003).  A policy or custom need not have "received formal approval through the body's official decisionmaking channels."  Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978)).

Nicholson v. Scoppetta, 344 F.3d 154, 165 (2d Cir. 2003).

Plaintiff does not allege sufficient facts suggesting an unconstitutional policy or custom.  Rather, she complains of acts in this specific case.  While Plaintiff does contend that Defendant failed to train its employees about the rights of grandparents, see Compl. at ¶ 23(f),[6] there are insufficient allegations plausibly suggesting that any such failure is likely to result in constitutional violations or that Defendant acted with deliberate indifference to constitutional rights.  See Okin v. Village of Cornmall-On-Hudson Police Dept., 577 F.3d 415, 439 (2d Cir. 2009).

Lastly, Plaintiff claims that the seizure of S.S. violated Plaintiff' Fourth Amendment rights.  Plaintiff cannot assert a violation under the 4th Amendment because she was not the legal guardian of S.S. and, therefore, does not have standing to assert such a claim.  See

---

[6] "failing to consider fairly Plaintiff, Sharon Gause for her rights to proportioned failing to adequately train employees regarding the Constitutional rights of Parents and grandparent rights benefits fairly of equal status. . . " [sic].

Warth v. Seldin, 422 U.S. 490, 499 (1975); see also Osborne v. County of Riverside, 385 F. Supp.2d 1048, 1052-53 (C.D. Cal. 2005).  Accordingly, Plaintiff's 4th Amendment claim is dismissed.

Having dismissed all federal-based claims, the Court declines to exercise supplemental jurisdiction over any remaining state law claims

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED.

IT IS SO ORDERED.

Dated:  November 29, 2010

Thomas J. McAvoy
Senior, U.S. District Judge